

IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

| | |
|---|---|
| TABATHA MANNING,<br>        Plaintiff,<br><br>v.<br><br>VAUGHN COTTON, an Omaha Police Officer;<br>THEODORE DELEZENE, an Omaha Police<br>Officer, and the CITY OF OMAHA, NEBRASKA,<br>        Defendants. | CASE NO.: CI15-1721<br><br>**COMPLAINT**<br>**CIVIL RIGHTS ACTION**<br><br>JOHN M. FRIEND<br><br>MAR 02 2015 |

COMES NOW, Plaintiff, TABATHA MANNING, by her undersigned attorney, and brings this suit pursuant to 42 U.S.C. § 1983 against City of Omaha Police Officers VAUGHN COTTON and THEODORE DELEZENE, in their individual capacities, and against THE CITY OF OMAHA; and states and alleges as follows:

### Preliminary Statement

1. 42 U.S.C. § 1983 is derived from Section 1 of the Ku Klux Klan Act of 1871, which Congress enacted to address abuses in the South after the Civil War, particularly against blacks by whites "acting under color of law."

2. In this complaint a black woman, Tabatha Manning, is alleging that two police officers intentionally set her up for a false prosecution, and falsely implicated her in the commission of a felony.

3. "A free society can exist only to the extent that those charged with enforcing the law respect it themselves. There is no more cruel tyranny than that which is exercised under cover of the law, and with the colors of justice." *United States v. Jannotti*, 673 F.2d 578, 614 (3d Cir. 1982).

### Jurisdiction and Venue

4. Jurisdiction of this Court arises under 42 U.S.C. § 1983, and under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution.

1

5. Venue is proper in this Court because all of the actions alleged below occurred in Douglas County, Nebraska.

## Parties

6. The Plaintiff, Tabatha Manning, is a citizen of the United States of America, and a resident of the State of Nebraska.
7. Defendant Vaughn Cotton was an officer in the Omaha Police Department at all times relevant to the events alleged in this complaint. He is being sued in his individual capacity.
8. Defendant Theodore Delezene was an officer in the Omaha Police Department at all times relevant to the events alleged in this complaint. He is being sued in his individual capacity.
9. Defendant the City of Omaha, is a municipal corporation in Douglas County Nebraska. The Omaha Police Department is a department within the City of Omaha.

## Allegations of Fact:

10. The night of September 17, 2013, Defendants Cotton and Delezene were on duty as officers of the Omaha Police Department. They were in their police cruiser, patrolling in north Omaha. Around 10:00 p.m., they started to follow Plaintiff's car.
11. They stopped Plaintiff's vehicle, ostensibly for a broken tail-light, as Tabatha Manning, the Plaintiff, pulled into a driveway near 14th and Wirt Streets in Omaha, Nebraska.
12. The tail-light of Manning's vehicle was not in violation of the traffic statutes, nor was there any other valid basis for the traffic stop.
13. Tabatha Manning had driven from work to pick up her four children at their babysitter's house, at 1406 Wirt St, Omaha, Nebraska.

2

14. After Defendants Cotton and Delezene pulled in behind her, their headlights and spotlight illuminating the back of Manning's car, they got out of their patrol car and approached her to speak with her while she was still in her vehicle. She said she thought that there was a warrant for her arrest. They had her get out of her vehicle and questioned her further.

15. The Defendant-officers eventually determined that Ms. Manning had an outstanding warrant, stemming from unpaid fines, and told her that she would have to be placed under arrest.

16. Manning's four children, expecting to go home, had come out of their babysitter's house with their backpacks and were watching while this was going on.

17. Defendant-officers handcuffed Manning and placed her in the back of their patrol vehicle. They then transported her to the secured garage of the Douglas County Correctional Facility.

18. Once there, and in the process of removing Plaintiff from the backseat, Officers Cotton and Delezene purported to discover a small, clear bag containing what appeared to be contraband in the backseat of their police car. It was later determined to contain about a half gram of methamphetamine.

19. Cotton and Delezene stated that the bag of methamphetamine had not been there when they checked the backseat at the beginning of their shift that night, and that there had not been any other arrestees in the vehicle during their shift.

20. A video recording from the police car shows Manning from the time she is first placed in the backseat in handcuffs, during the entire time she is being driven from the babysitter's house to the jail, and right up until the time they park the car in the jail's garage, just prior to the Defendant-officers "finding" the bag of methamphetamine.

21. By itself, the video makes the Defendant-officers' contention that Tabatha somehow jammed the bag of methamphetamine in the backseat very implausible.

22. After "finding" the methamphetamine, Delezene and Cotton tried to get Manning to admit that it was hers, and that she had placed it in the police car. Manning emphatically denied having anything to do with the bag of methamphetamine.

23. Plaintiff makes the same denial here, in this Complaint: she had nothing to do with that bag of methamphetamine, did not place it in the police car, and knew nothing of its existence until the Defendant-officers brought it to her attention.

24. Plaintiff didn't put the bag of methamphetamine in the backseat, and, according to Cotton and Delezene, it wasn't there before they put her in the car. Yet the bag of methamphetamine *was* there when they took her out of the car at the jail.

25. Defendant-officers conspired to place the incriminating bag in the backseat of their car so as to falsely implicate Plaintiff in the commission of a felony.

26. Both Defendant-officers stated that they saw the bag on the seat near where Tabatha Manning had been sitting.

27. They continued to act in concert in support of this false evidence and in support of the criminal prosecution of the Plaintiff by, among other things, writing and signing police reports and giving testimony at a preliminary hearing.

28. Tabatha Manning spent more than three days in jail following her arrest.

29. She was charged with felony drug possession. The County Court for Douglas County, Nebraska held a Preliminary Hearing on October 21, 2013. On the basis of testimony by Officer Delezene, probable cause was found and the case was bound over to District Court for trial.

30. An Information charging Manning with felony drug possession was filed in Douglas County District Court on October 22, 2013. The case was dismissed in August of 2014.

31. Manning and her children have been unable obtain public housing that they otherwise would have been able to obtain, due to the felony drug charge against her.

### *Allegations of conspiracy to plant evidence in a 2010 case*

32. This is not the first time that someone has alleged that officers from the Omaha Police Department planted evidence. The Department was confronted with allegations against two of its officers in 2010. One of the officers was working as part of a gang unit in North Omaha. A third officer had come forward to his superiors to report that he had heard part of a conversation between the other two in which they were planning to plant evidence on a gang member.

33. Rather than watch the alleged conspirators to see if they would actually try to plant evidence on the gang member, Omaha Police Department chose to go to the accused officers with the allegations.

34. As a result, the case came down to a swearing contest between the accused and the accuser. Prosecutors concluded there was not a sufficient basis to file criminal charges. Neither of the accused officers was publicly disciplined.

35. Even if an announced policy of the Omaha Police Department prohibits planting evidence, the custom or practice of the Department says otherwise. The previously mentioned case from 2010 shows this.

36. Furthermore, the Defendant-officers were not properly trained and supervised, and this led to their unconstitutional conduct.

### Plaintiff's Injuries

37. As a result of Defendants' tortious and unconstitutional conduct Plaintiff has suffered mental anguish and embarrassment, humiliation, damage to her reputation, loss of housing opportunity for her and her children, loss of earning capacity, and damage to family relations.

## Cause of Action Against Cotton and Delezene

### Count 1:

38. The Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

39. Defendant-officers Cotton and Delezene, acting under color of state law, violated Plaintiff's rights under the Fourth Amendment to the U.S. Constitution by: (a) making a traffic stop of her vehicle and seizing her person without reasonable suspicion or probable cause, and (b) fabricating evidence and falsely implicating Plaintiff in the commission of a felony, and knowingly supporting a false prosecution of Plaintiff from the night of her arrest until dismissal of the charges in August of 2014.

40. Defendants' actions in violation of Plaintiff's rights as set forth in this Count were the sole proximate legal cause of injuries to Plaintiff as set forth above.

### Count 2:

41. The Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

42. Egregious governmental wrongdoing by Defendant-officers Cotton and Delezene, acting under color of state law, violated Plaintiff's substantive due process rights under the Fifth and Fourteenth Amendments to the U.S. Constitution; in particular, by fabricating evidence and falsely implicating Plaintiff in the commission of a felony, and by knowingly supporting a false prosecution of Plaintiff from the night of her arrest until dismissal of the charges in August of 2014.

43. Defendants' actions in violation of Plaintiff's rights as set forth in this Count were the sole proximate legal cause of injuries to Plaintiff as set forth above.

### Count 3:

44. The Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

45. Defendant-officers Cotton and Delezene, acting under color of state law, conspired to commit the violations described in counts 1 and 2.

46. Cotton and Delezene entered into an agreement and acted in concert and based on a plan commonly understood between them to deprive Plaintiff of her Constitutional rights as alleged in the preceding paragraph.

47. Defendant-officers acted knowingly, intentionally and with malice, and were deliberately indifferent to Plaintiff's constitutional rights.

## Cause of action Against the City of Omaha

### Count 4:

48. The Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

49. The City of Omaha, through its Police Department, failed to properly train and supervise the Defendant-officers, and the violations alleged in Counts 1, 2, and 3 occurred as a result.

### Count 5

50. The Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

51. The City of Omaha, through its Police Department, created a custom and practice that tolerated the fabrication of evidence under some circumstances, and the violations alleged in Counts 1, 2, and 3 occurred as a result.

## Prayer for Relief

52. Plaintiff prays for the following relief:

A. That the Court enter a judgment in Plaintiff's favor and against each of the defendants named herein and award Plaintiff sufficient compensatory damages for her injuries.

B. That this Court also award Plaintiff sufficient punitive damages to punish the Defendant-officers and to deter like conduct.

C. That this Court award Plaintiff attorneys fees pursuant to 42 U.S.C 1988.

D. That the Plaintiff be awarded the costs of her suit, as well as pre-judgment and post-judgment interest.

E. For such further and additional relief as this court may deem equitable and just.

## Jury Demand and Designation Of Place Of Trial

53. Plaintiff demands that her case be tried to a jury in Omaha, Nebraska.

_____  2/26/15
**Tabatha Manning, Plaintiff**   **Dated**

By: _____
William J. O'Brien, attorney for Plaintiff
Nebraska Bar #23740
626 S. 19th St., #9
Omaha, NE 68102
(402) 201-8581
email: *billobrienlaw@gmail.com*

8